FRANK MADDEN, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

Where the evidence is confined to two witnesses, one of them the prosecutor, and the prosecutor swears that he cannot say whether the pocket-knife used by the defendant in striking him over the eye was open or shut, and where the other witness swears positively that it was shut, and no description of the appearance of the mark made by the only blow with the knife is given, and the witness swears that the defendant could have killed prosecutor if he wished, but that he did not even open the knife:

*Held*, that the evidence is insufficient to support a verdict of guilty of an assault with intent to murder.

Criminal Law.   Evidence.   New Trial.   Before Judge CRAWFORD.   Muscogee Superior Court.   May Term, 1876.

The following, taken in connection with the opinion, sufficiently reports the case:

. The defendant was indicted for the offense of assault with intent to murder, and found guilty.   He moved for a new trial on the ground that the verdict was contrary to the evidence, and without evidence to support it.

The motion was overruled, and defendant excepted.

THORNTON & WILLIAMS; CRAWFORD & McNEILL, for plaintiff in error.

W. A. LITTLE, solicitor general, for the state.

JACKSON, Judge.

In this case, but two witnesses were sworn—the prosecutor and one other, witness for the defendant. The prosecutor swore that the defendant struck him over the eye with a knife, but he could not say whether the knife was open or shut. The other witness swore positively that it was shut. No description of the effect of the blow is given, or of the nature of the wound, if any, whether appearing to be made with the blade or the handle. To constitute an assault with intent to murder, the weapon used must be one likely to produce death. A knife shut, and not even attempted to be opened by the party using it, is not such a weapon, and the proof, we think, does not sustain the verdict. Besides, the witness swore that defendant could have killed the prosecutor if he had wished to do so.

On the whole, while we reluctantly interfere with the discretion of the presiding judge, in refusing the grant of a new trial on the sole ground that the verdict is strongly and decidedly against the evidence, and without evidence, the only ground for this motion, we cannot see here evidence enough, either that the weapon was likely to produce death, or that the defendant intended to kill. We think, therefore, that it is our duty to reverse the judgment, and to grant the new trial.

Judgment reversed.